SEE, Justice
(concurring specially).
I concur fully with the main opinion. I write to clarify what I believe to be this Court’s holding in Ex parte T.V., 971 So.2d 1 (Ala.2007).
The facts in T.V. are in many ways similar to those in this case. T.Y., a drug-addicted mother facing jail time, allowed the Department of Human Resources to take custody of her son and to place him with another family while she was attempting to deal with her drug-related problems. Once she began to make progress in her recovery, she sought to reestablish visitation rights with her child. Before the court ruled on her motion for visitation, it terminated her parental rights. The Court of Civil Appeals affirmed the trial court’s judgment, and she petitioned this Court for the writ of certiorari. This Court’s main opinion in T.V. states'that “[t]he only issue in this case is whether there were grounds to terminate T.V.’s parental rights and whether there was a viable alternative to doing so.” 971 So.2d at 8. When addressing appeals from a judicial termination of parental rights, “this Court must review not only whether [the child] remains dependant, but also whether the trial court considered and rejected, based on clear and convincing evidence, the possible viable alternatives before terminating [the parent’s] parental rights.” 971 So.2d at 8. Therefore, as we have stated, “[t]he need to consider all viable alternatives is rooted, in part, in the recognition that the termination of parental rights is a drastic *1024 step that once taken cannot be withdrawn ....”971 So.2d at 9.
Our holding in T.V. was not that the Department of Human Resources failed to “pursue any viable relative resource” before terminating the mother’s parental rights. Instead, we held that “the trial court did not, after full consideration of all the viable alternatives to terminating T.V.’s parental rights, find clear and convincing evidence that none existed.” 971 So.2d at 10. Therefore, whether the Department of Human Resources bears an absolute burden to pursue every viable alternative to the termination of parental rights, regardless of the duration and subjectively beneficial nature of the child’s tenure with his or her foster family, before it may petition for the termination of a parent’s rights was not a question presented to this Court in T.V.